IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE SINGLETON, : CIVIL NO. 3:12-CV-2583
:
      Plaintiff :
: (Judge Munley)
v. :
:
PRISON HEALTH SERVICES, :
*et al.*, :
:
      Defendants :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

George Singleton ("plaintiff"), an inmate incarcerated at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania (SCI-Smithfield) and the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania (SCI-Retreat) at all times relevant, filed this civil rights action on December 27, 2012 (Doc. 1), naming as defendants Prison Health Services and physicians assistants Polend and O'Brien. Presently pending is defendants' motion (Doc. 11) to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be granted.

I. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn

therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege

facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Background

Plaintiff files this action alleging that on December 5, 2010, while incarcerated at SCI-Smithfield, he suffered a sports-related injury to his left leg and that defendants mis-diagnosed the injury, causing permanent damage to his leg. (Doc. 1, ¶¶ 3, 10.) Prior to the initiation of this action, plaintiff pursued this very claim in the matter of Singleton v. Prison Health Services, Civil No. 3:-11-CV-1184. On August 28, 2012, this Court dismissed that action based on plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a).

Thereafter, on November 19, 2012, plaintiff filed grievance No. 437647, again raising the events of 2010, and challenging his tier and bunk assignment, and complaining about medical care. (Doc. 11-5, at 28.) The assigned grievance officer found that the portion of the grievance raising the treatment and care that took place in 2010 was untimely. (Id. at 29.) Plaintiff pursued an appeal to the facility manager who concluded that "you cannot file a Grievance about something that happened two (2) years ago. If you feel you did not receive appropriate Medical Care, you should have made this known in a reasonable timeframe which should have been in the earlier part of 2011. . . . Your complaint is very untimely."

3

(Doc. 11-5 at 31.) Plaintiff then appealed to the Chief Grievance Officer in the Secretary's Office of Inmate Grievances and Appeals. The Chief Grievance Officer limited consideration to the tier and bunk assignment and plaintiff's post-surgical and ongoing medical care.

## II. **Discussion**

Despite the prior dismissal for failure to exhaust administrative remedies, plaintiff again attempts to pursue the claim alleging that he has now exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir.2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Significantly, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71 (3d Cir. 2000); see also DeHart v. Horn, 390 F.3d 262, 273 (3d Cir. 2004)

("Section 1997e(a) makes exhaustion of prison administrative remedies mandatory, regardless of the efficacy of the grievance process.").

It is undisputed that the § 1983 claims plaintiff brings in this action were previously dismissed for failure to comply with 42 U.S.C. § 1997e(a). The exhaustion issue was addressed as follows in the prior memorandum:

> Pursuant to the applicable Pennsylvania Department of Corrections Administrative Directive, DC-ADM 804, plaintiff had fifteen working days from the date his claim accrued to file his initial grievance. (DC-ADM 804(1)(A)(13)). [footnote omitted] On December 6, 2010, plaintiff believed that defendant Polend incorrectly diagnosed him with a pulled hamstring. Although he remained incarcerated at SCI-Smithfield for approximately seventeen days thereafter, he did not file a grievance. On December 27, 2010, shortly after his transfer to SCI-Retreat, defendant O'Brien informed plaintiff that he had a slight tear in his Achilles tendon, which would take about six months to heal, and issued him an ankle sleeve. Again, plaintiff failed to file a grievance concerning defendant Polend's wrong diagnosis. On January 24, 2010, he was seen by Dr. Chiavacchi, who allegedly stated "I can't believe they allowed you to walk around with a torn achilles[.] [Y]ou need surgery." He remained at SCI-Retreat for an additional four days before being transferred to the hospital for surgery. During this time period, he chose not to pursue administrative remedies, despite being made aware that defendant O'Brien should not have allowed him to walk because his injury required surgery. At the conclusion of his two-day hospital stay, he spent two months recuperating at the State Correctional Institution at Dallas. At no time during his recuperation period did he file a grievance or seek an extension of time to file a grievance.
>
> There is no indication that the transfers between institutions inhibited plaintiff's ability to file a grievance. Nor did prison administration or staff prevent him from, or interfere with, the filing of a grievance at any time during his incarceration. Consequently, excusing the mandatory exhaustion requirement is unwarranted. Defendants' motion will be granted and the complaint will be dismissed for failure to exhaust administrative remedies as required by the PLRA.

Singleton v. Prison Health Services, No. 3:-11-CV-1184, 2012 WL 3757553, at *4

(M.D. Pa. August 28, 2012). Approximately ninety days after the prior action was dismissed, despite the passage of more than two years since the alleged injury, plaintiff pursued administrative relief. Not surprisingly, plaintiff's claim was rejected as untimely. Hence, plaintiff has failed to comply with the mandatory exhaustion requirement and his complaint is subject to dismissal.[1]

## IV. Conclusion

Based on the foregoing, defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 11) will be granted.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: January 6, 2014

---

[1] Because plaintiff is unable to cure the deficiencies of the complaint, affording him an opportunity to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002) (finding that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility).